IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40191
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANLIO FIORE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CR-73-2
- - - - - - - - - -
October 22, 1997

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

Manlio Fiore pleaded guilty to possession with intent to distribute heroin.  He appeals his sentence, contending that the district erred by: (1) failing to admonish him that sentencing discretion would be limited by the application of the Sentencing Guidelines, (2) finding him to be a career offender without giving prior notice of that enhancement, (3) failing to admonish him that he faced punishment as a career offender, (4) overruling

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his objection to the career-offender enhancement, (5) treating the prior convictions as related, and (6) failing to comply with 21 U.S.C. § 851.

The record belies the contention that the district court failed to admonish Fiore that sentencing discretion would be limited by the application of the Sentencing Guidelines. The contention that the district court failed to comply with 21 U.S.C. § 851 likewise is meritless. Section 851 does not apply to a defendant whose sentence is enhanced under the sentencing guidelines——in this case, pursuant to the career offender provisions of U.S.S.G. § 4B1.1 —— provided the enhanced sentence is within the statutory range, as is the case at bar. *See United States v. Marshall*, 910 F.2d 1241 (5th Cir. 1990).

A career offender is defined as one who is at least 18 years old at the time of the instant offense; the instant offense is a felony and involves either violence or a controlled substance offense; and the defendant has at least two prior felony convictions involving either a crime of violence or a controlled substance. U.S.S.G. § 4B1.1. Fiore comes within this definition.

Fiore's sentence was not imposed in violation of the law, is not the result of a misapplication of the Sentencing Guidelines, and is not plainly unreasonable. *United States v. DiMarco*, 46 F.3d 476 (5th Cir. 1995). AFFIRMED.